# EXHIBIT 1

STATE OF MINNESOTA — DISTRICT COURT

COUNTY OF CARVER — FIRST JUDICIAL DISTRICT

CASE TYPE: CONTRACT

Paisley Park Facility, LLC, Paisley Park Operations, Inc. n/k/a Paisley Park Operations, LLC, 3020 Snelling, LLC, 539 Newton Avenue, LLC, 8020 Park Place, LLC, NPG Music Publishing, LLC, NPG Records, Inc. n/k/a NPG Records, LLC, Paisley Park Enterprises, LLC, LLC, Prince TPP, LLC, PRN IP, LLC, and PRN Real Estate, LLC,

Plaintiffs,

vs.

Federal Insurance Company,

Defendant.

Court File No.: ______________

**SUMMONS**

**THIS SUMMONS IS DIRECTED TO: Federal Insurance Company, c/o CT Corporation System, Inc., 1010 Dale St. N., St. Paul, MN 55117.**

1. **YOU ARE BEING SUED.** The Plaintiffs have started a lawsuit against you. The Plaintiffs' Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Smith Jadin Johnson, PLLC, 7900 Xerxes Avenue South, Suite 2020, Bloomington, MN 55431.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the Complaint. If you do

not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**SMITH JADIN JOHNSON, PLLC**

Dated: October 29, 2026

By: Alexander Jadin

Alexander M. Jadin (#387219)
Bradley K. Hammond (#391611)
7900 Xerxes Avenue, Suite 600
Bloomington, MN 55437
Telephone: (952) 388-0289
Facsimile: (612) 235-7927
E-mail: ajadin@sjjlawfirm.com
E-mail: bhammond@sjjlawfirm.com
Attorneys for Plaintiffs

STATE OF MINNESOTA — DISTRICT COURT

COUNTY OF CARVER — FIRST JUDICIAL DISTRICT

Case Type: CONTRACT

---

Paisley Park Facility, LLC, Paisley Park Operations, Inc. n/k/a Paisley Park Operations, LLC, 3020 Snelling, LLC, 539 Newton Avenue, LLC, 8020 Park Place, LLC, NPG Music Publishing, LLC, NPG Records, Inc. n/k/a NPG Records, LLC, Paisley Park Enterprises, LLC, LLC, Prince TPP, LLC, PRN IP, LLC, and PRN Real Estate, LLC,

Plaintiffs,

v.

Federal Insurance Company,

Defendant.

Court File No.: ____________________

**COMPLAINT**

---

Plaintiffs Paisley Park Facility, LLC, Paisley Park Operations, Inc. n/k/a Paisley Park Operations, LLC, et al, as and for their Complaint against Defendant Federal Insurance Company, states and alleges as follows:

**PARTIES**

1. Plaintiffs Paisley Park Facility, LLC, Paisley Park Operations, Inc. n/k/a Paisley Park Operations, LLC, et al (hereinafter "Plaintiffs") are Insureds under a Policy of Insurance with the Defendant of the State of Minnesota that are or have been responsible for the ownership and maintenance of the Insured Properties located at four locations with a primary address of 7801 Audubon Road, Chanhassen, Minnesota 55317 ("the "Property").

2. Paisley Park Facility, LLC is a foreign limited liability company with its registered office located at 525 Park Street, Suite 247, St. Paul, Minnesota 55103.

3. Paisley Park Operations, Inc. n/k/a Paisley Park Operations, LLC is a foreign limited liability company with its registered office located at eResidentAgent, Inc., 500 Delaware Avenue, Suite 903, Wilmington, DE 19801.

4. 3420 Snelling, LLC is a domestic limited liability company with its registered office located at 525 Park Street, Suite 247, St. Paul, Minnesota 55103.

5. 539 Newton Avenue, LLC is a domestic limited liability company with its registered office located at 525 Park Street, Suite 247, St. Paul, Minnesota 55103.

6. 8020 Park Place, LLC is a domestic limited liability company with its registered office located at 525 Park Street, Suite 247, St. Paul, Minnesota 55103.

7. NPG Music Publishing, LLC is a foreign limited liability company with its registered office located at 525 Park Street, Suite 247, St. Paul, Minnesota 55103.

8. NPG Records, Inc. n/k/a NPG Records, LLC is a foreign limited liability company with its registered office located at eResidentAgent, Inc., 500 Delaware Avenue, Suite 903, Wilmington, Delaware 19801.

9. Paisley Park Enterprises, Inc. n/k/a Paisley Park Enterprises, LLC is a foreign corporation with its registered office located at 525 Park Street, Suite 247, St. Paul, Minnesota 55103.

10. Prince TPP, LLC is a foreign limited liability company with its registered office located at eResidentAgent, Inc., 500 Delaware Avenue, Suite 903, Wilmington, Delaware 19801.

11. PRN IP, LLC is a domestic limited liability company with its registered office located at 525 Park Street, Suite 247, St. Paul, Minnesota 55103.

12. PRN Real Estate, LLC is a domestic limited liability company with its registered office located at 525 Park Street, Suite 247, St. Paul, Minnesota 55103.

13. Upon information and belief, Defendant Federal Insurance Company (hereinafter "Defendant") is a foreign insurance company organized under the laws of Indiana and licensed and authorized to sell insurance and transact business in the State of Minnesota whose principal business address is 202B Hall's Mill Road, Whitehouse Station, New Jersey 08889, with a registered agent for service CT Corporation System, Inc., 1010 Dale St. N., St. Paul, Minnesota 55117.

14. Because the Property is located in Carver County, Minnesota, the above-named Court has jurisdiction over this matter.

**FACTS**

15. This matter concerns the Plaintiffs' four properties located at a primary address of 7801 Audubon Road, Chanhassen, Minnesota 55317 ("the "Property").

16. At all times relevant hereto, the Property was insured under an insurance policy issued by Defendant, Policy No. [redacted] ("the Policy"), that insured the Property against, among other things, wind and hail, with effectives dates of April 28, 2022 through April 28, 2023.

17. The Policy includes language that repair or replacement to the Property shall be commenced within 24 months ("Repair/Replacement Condition Date"). This policy condition has been extended on numerous occasions.

18. Additionally, Plaintiffs have commenced partial repairs at the Property within 24 months of the date of loss.

19. The Policy includes language limiting legal action against Defendant to three years after the damage occurred where there is full compliance with the terms of the Policy ("Lawsuit Condition"). This policy condition has been extended on numerous occasions.

20. The Policy and Minnesota law require that losses be paid within 5 business days of an agreement. Minn. Stat. §72A.201, Subd. 5(5).

21. On May 11, 2022, the Property sustained wind and hail damage ("the Loss").

22. After the Loss occurred, Plaintiff notified Defendant and reported the loss, provided Defendant with access to the Property to investigate and adjust the loss, fulfilled all of their other duties and obligations under the policy, and relied upon Defendant to honor its contractual obligations to properly adjust and pay for the loss.

23. The Parties originally agreed to extend the Repair/Replacement Condition Date from May 22, 2024 to August 9, 2024.

24. On August 6, 2024, the Parties agreed to a second extension of the Repair/Replacement Condition Date to September 11, 2024.

25. On September 4, 2024, the Parties agreed to a third extension of the Repair/Replacement Condition Date to October 11, 2024.

26. On October 9, 2024, the Parties agreed to a fourth extension of the Repair/Replacement Condition Date to December 11, 2024.

27. On or about November 21, 2024, Defendant completed its initial adjustment of the claim and issued its coverage position and actual cash value ("ACV") payment of the undisputed amount of the claim.

28. On December 11, 2024, the Parties agreed to a fifth extension of the Repair/Replacement Condition Date to June 11, 2025.

29. On May 7, 2025, the Parties agreed to a sixth extension of the Repair/Replacement Condition Date and an extension of the Lawsuit Condition to November 14, 2025.

30. The parties were unable to agree as to the amount of loss.

31. On September 12, 2025, Plaintiffs demanded an appraisal of the Loss pursuant to Minn. Stat. §65A.01, Subd. 3, Minn. Stat. §65A.26 and the Policy's appraisal provision.

32. On October 15, 2025, Defendant reaffirmed its November 21, 2024 claim decision in a letter to Plaintiffs.

33. On October 30, 2025, Defendant demanded the production of additional documents and information. Defendant acknowledged its obligation to appraise the Loss, but sought to impose additional conditions on the appraisal process, which would have limited the scope of appraisal those stated in the Policy and Minnesota statutes.

34. Also on October 30, 2025, the Parties agreed to a seventh extension of the Repair/Replacement Condition Date and a second extension of the Lawsuit Condition to May 15, 2026.

35. On December 2, 2025, Plaintiffs complied with Defendant's additional document and information requests.

36. On January 5, 2026 and January 20, 2026, Defendant demanded an examination under oath ("EUO") seeking testimony from a representative for the Plaintiffs.

37. On March 17, 2026, testimony from a representative for the Plaintiffs was completed.

38. On April 21, 2026, the Parties agreed to an eighth extension of the Repair/Replacement Condition Date and a third extension of the Lawsuit Condition to October 31, 2026.

39. On April 27, 2026, counsel for Defendant sought to unilaterally and retroactively rescind all extensions of the Lawsuit Condition.

40. On April 28, 2026, the EUO transcript was signed and returned to Defendant completing the EUO.

41. On June 10, 2026, an appraisal inspection and hearing was completed at the Property.

42. On September 4, 2026, an Appraisal Award was completed awarding Plaintiffs replacement cost in the amount of $3,967,034.00 and actual cash value in the amount of $3,230,046.

43. On September 8, 2026, Plaintiffs demanded payment of the amounts due in reference to the Appraisal Award plus preaward interest pursuant to Minn. Stat. §549.09.

44. On September 18, 2026, Defendant issued payment to Plaintiffs totaling $501,689.16 which purported to include $456,081.06 ACV and $45,608.11 in interest.

45. Plaintiffs are entitled to immediate payment of the amount of loss stated in the Appraisal Award, less prior payments and the deductible.

46. Plaintiffs are entitled to a reasonable amount of time to complete repairs.

47. Plaintiffs are entitled to payment of preaward interest pursuant to Minnesota law.

**COUNT I**
**Breach of Contract**

48. Plaintiffs restate and reallege each of the foregoing paragraphs as though fully set forth herein and further state and allege as follows.

49. The Policy is a contract between Plaintiffs and Defendant.

50. Plaintiffs have performed all conditions precedent necessary to obligate Defendant to perform under the Policy, including paying premiums, cooperating with Defendant's investigation and adjustment of the loss, appearing for an EUO, and permitting inspections and testing of the Property during the adjustment and appraisal.

51. Defendant has breached the Policy by failing to fully and fairly adjust and pay the loss in full and failing to pay the loss as determined at appraisal within the time period set forth in the Policy.

52. Defendant has asserted that it has no obligation to pay any additional insurance proceeds; thereby breaching its loss payment obligations.

53. As a direct result of Defendant's breach of contract, Plaintiffs have been damaged in an amount in excess of $50,000, the specific amount to be determined at trial.

**COUNT II**
**Declaratory Judgment**

54. Plaintiffs restate and reallege each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

55. Defendant has failed to adjust and pay the Loss in total, in contravention of the express language of the subject Policy.

56. There is a real justiciable controversy between the Plaintiffs and the Defendant over the extent to which the subject Policy provides indemnity and coverage for damages, both direct and consequential, relating to the Loss.

57. The provisions of the subject Policy must be construed against Defendant.

58. Plaintiffs are entitled to judicial declaration that compliance with the 24-month deadline to commence repairs at the Property even as extended is impossible as to the facts of this case; therefore, Plaintiffs are entitled to a reasonable amount of time to complete the repairs.

59. In the alternative, Plaintiffs are entitled to judicial declaration that the partial work performed at the Property is the commencement of repairs or replacement based on the specific facts of this case.

60. Plaintiff is entitled to judicial declaration that the Policy's Lawsuit Condition is unreasonably short based on the specific facts of this case.

61. For this reason, the Parties agreed to extend the Lawsuit Condition on numerous occasions up to October 31, 2026.

62. Plaintiff relied on agreement to extend the Policy's limitation period for suit to its detriment.

WHEREFORE, Plaintiffs pray for judgment of the Court against Defendant for the following relief:

1. Judgment in favor of the Plaintiffs and against Defendant for an amount in excess of $50,000, the exact amount to be proven at trial;
2. An order for Defendant to promptly pay insurance proceeds awarded in the Appraisal Award;
3. An order granting Plaintiffs a reasonable amount of time to complete the repairs detailed in the Appraisal Award;
4. An award of attorney's fees, costs, interest and disbursements; and
5. For such other and further relief as this Court deems just and equitable.

**SMITH JADIN JOHNSON, PLLC**

Dated: October 29, 2026

By: [signature]

Alexander M. Jadin (#387219)
Bradley K. Hammond (#391611)
7900 Xerxes Avenue, Suite 600
Bloomington, MN 55437
Telephone: (952) 388-0289
Facsimile: (612) 235-7927
E-mail: ajadin@sjjlawfirm.com
E-mail: bhammond@sjjlawfirm.com
Attorneys for Plaintiffs

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

Dated: October 29, 2026

By: [signature]

Alexander M. Jadin (#387219)